IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CHERYL ANN COLLINS                                                      PLAINTIFF

v.                          CIVIL NO. 11-5108

MICHAEL J. ASTRUE[1], Commissioner
Social Security Administration                                          DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Cheryl Ann Collins, appealed the Commissioner's denial of benefits to this Court. On August 1, 2012, judgment was entered remanding Plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 13). Plaintiff now moves for an award of $3,608.23 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 18.10[2] attorney hours of work before the Court at an hourly rate of $186.09 for work performed in 2011 and 2012, and 4.80 paralegal hours of work at an hourly rate of $50.00. (Doc. 14). Defendant filed a response, objecting to both the hourly rate requested and certain hours claimed. (Doc. 16). Plaintiff filed a Reply on October 30, 2012. (Doc. 18).

---

[1] Carolyn Colvin became the Acting Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn Colvin has been substituted for Commissioner Michael J. Astrue as the Defendant in this suit.

[2] The Court notes Plaintiff's Counsel indicates in one place that the total hours expended was 19.85 hours, and in another place 18.10 hours. The Court added the hours sought and calculated yet a third total of 22.85 hours.

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the Court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir. 1986). Under Shalala v. Schaefer, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the novelty and difficulty of questions involved; the skill required to handle the problems presented; the preclusion of employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the attorney's experience, reputation and ability; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases. Hensley v. Eckerhart, 461 U.S. 424, 430 (1983).

However, the EAJA is not designed to reimburse without limit. Pierce v. Underwood, 487 U.S. 552, 573 (1988). The Court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. Clements v. Astrue, 2009 WL 4508480 (W.D. Ark. Dec. 1, 2009); see also Decker v. Sullivan, 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

AO72A
(Rev. 8/82)

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." Id. Where documentation is inadequate, the Court may reduce the award accordingly. Hensley, 461 U.S. at 433 (1983).

Plaintiff's attorney requests an award under the EAJA for 18.10 hours of attorney work performed in 2011 and 2012, at an hourly rate of $186.09. The party seeking attorney fees bears the burden of proving that the claimed fees are reasonable. Hensley, 461 U.S. at 437. Attorney fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A).

The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. McNulty v. Sullivan, 886 F.2d 1074 (8th Cir. 1989). In Johnson v. Sullivan, 919 F.2d 503 (8th Cir. 1990), the Court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [the maximum statutory hourly rate]," such as a copy of the Consumer Price Index (CPI). Plaintiff's counsel submitted a CPI in support of his requested hourly rate.

Therefore, the undersigned believes his argument for enhanced fees based on a cost of living increase has merit.[3]

In Sanders v. Astrue, 2012 WL 19422 (W.D.Ark. Jan. 3, 2012) and 2011 WL 6937591 (W.D.Ark. October 31, 2011), this Court decided to follow the approach set forth in Knudsen v. Barnhart, 360 F.Supp. 2d 963, 969-974 (N.D. Iowa 2004), when determining how to compute an attorney's fee award. In Knudsen, the Court found that "[A] reasonable balance between accuracy and ease of computation would be to require attorneys to adjust fees using the CPI available and applicable to the year when services are performed." Id. at 974. The Knudsen Court felt that this approach would strike a balance between "accuracy and what the court believes would potentially turn into a calculation nightmare." Id. The Court finds that an award based upon an hourly rate of $174.00 for work done in 2011, and $180.00 for work done in 2012, reflecting an increase in the cost of living, is appropriate in this instance. See Johnson, 919 F.2d at 505.

Plaintiff's counsel has also requested 4.80 paralegal hours of work at the rate of $50.00 per hour. The Court finds $50.00 per hour for paralegal work to be reasonable.

We next address the number of hours Plaintiff's counsel claims he spent working on this case. Defendant objects to the 4.80 paralegal hours submitted by Plaintiff's counsel. Defendant points out that the itemization of work before the Court fails to indicate what work was performed by a paralegal in this case. As noted above, attorneys seeking fees under federal fee-

---

[3] Per General Order 39, the allowable rate for each year is a follows, and for simplicity sake, the figure is rounded to the nearest dollar:
2010 - 211.338 x 125 divided by 152.4 (March 1996 CPI-South) = $173.34/hour - $173.00.
2011 - 212.488 x 125 divided by 152.4 (March 1996 CPI-South) = $174.28/hour - $174.00.
2012 - 219.469 x 125 divided by 152.4 (March 1996 CPI-South) = $180.01/hour - $180.00.

-4-

shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." 28 U.S.C. § 2412(d)(1)(B). In this case Plaintiff's counsel failed to keep contemporaneous records of the requested paralegal time; therefore, this time will not be allowed.

The Court further notes that Plaintiff's counsel submitted 0.60 hour on November 25, 2011, to "Review Defendant's Brief," and also submitted 0.75 hour on December 2, 2011, to "Review a response brief; submit [a reply] to the Court. As Defendant filed an appeal brief on November 30, 2011, the Court will deduct the 0.60 hour submitted on November 25, 2011, as Defendant's brief had not been filed at that point, and Plaintiff's counsel could not have reviewed the brief on this date. The Court further notes that Plaintiff's counsel submitted 4.75 hours on November 28, 2011, to "Review transcript, Court decisions, SSA cases, and draft response." Plaintiff's counsel submitted Plaintiff's Motion for Summary Judgment[4] on October 31, 2011, therefore the time submitted on November 28, 2011, was not in preparation of the appeal brief. As there was no need for Plaintiff's counsel to review the transcript and draft a response after the filing of the appeal brief, the Court finds the time submitted on the date in question is excessive and will therefore deduct 4.75 hours. Accordingly, the Court deducts the 4.80 paralegal hours, and 5.35 attorney hours, from the total number of compensable hours sought. Plaintiff's counsel is cautioned to keep a more accurate itemization of the time spent working on these types of cases.

---

[4]By Order dated October 31, 2011, Plaintiff's Motion was construed as an appeal brief. (Doc. 9).

-5-

Defendant also argues that the time Plaintiff's counsel seeks prior to the filing of the Complaint should not be allowed because it was not work performed before the court. A review of the itemization reveals that from March 3, 2011 through April 21, 2011, Plaintiff's counsel submitted a total of 6.75 attorney hours. The Complaint was filed on April 26, 2011. The Court agrees with Defendant that some of this time is not compensable under the EAJA because it was performed at the administrative level. See Cornella v. Schweiker, 728 F.2d 978, 988-89 (8th Cir. 1984). However, some of the time requested prior to the filing of Plaintiff's Complaint was clearly in preparation for the filing of the Complaint with this Court. The Court finds that 2.00 hours would be a more appropriate amount of time for an attorney to review the file and prepare the Complaint. Accordingly, 4.75 hours submitted must be deducted from the total compensable time sought by counsel.

In her response, Defendant asks the Court to designate Plaintiff as payee of the EAJA award, and not Plaintiff's counsel. Based upon the holding in Astrue v. Ratliff, 130 S. Ct. 2521 (2010), the EAJA award should be paid directly to Plaintiff.

Based upon the foregoing, the Court recommends that Plaintiff be awarded attorney's fees under the EAJA for: 11.15 (21.25-10.10) attorney hours at hourly rates of $174.00 for work performed in 2011; and 1.60 attorney hours at hourly rate of $180.00 for work performed in 2012, for a total attorney's fee award of $2,228.10. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

**reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

IT IS SO ORDERED this 18th day of March, 2013.

                                          /s/ *Erin L. Setser*
                                        HONORABLE ERIN L. SETSER
                                        UNITED STATES MAGISTRATE JUDGE